IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARROLL JOHNSON            :
                           :
     v.                    :    Civil Action No. DKC 11-0546
                           :
ESTATE OF WENDELL JOHNSON, :
et al.                     :

**MEMORANDUM OPINION**

On February 28, 2011, Plaintiff Carroll Johnson filed a complaint in this court against Defendants Estate of Wendell Johnson ("the Estate") and Stella Johnson, the Personal Representative for the Estate of Wendell Johnson. (ECF No. 1). The complaint asserts three counts: breach of fiduciary duty, conversion, and "money owed." In substance, Plaintiff seeks recovery from the Estate of $200,000 that he feels he is due under the will of the now-deceased Wendell Johnson, as well as $200,000 in punitive damages against Stella Johnson. He alleges jurisdiction based on "diversity of citizenship." (*Id.* ¶ 1).

On April 8, 2011, the court issued a show cause order, as the case appeared to fall under the "probate exception" to federal diversity jurisdiction. The order instructed Plaintiff to explain within 14 days why his case should not be dismissed for lack of subject matter jurisdiction. Plaintiff did not file any response.

As the prior show cause order explained, "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Here, Plaintiff relies on diversity of citizenship to establish jurisdiction, but that reliance is misplaced. Federal courts do not have jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.s. 490, 494 (1946). Thus, federal courts may not act where to do so would "1) interfere with the probate proceedings; 2) assume general jurisdiction of the probate; or 3) assert control of property in the custody of state court." *Libonati v. Ransom*, 664 F.Supp.2d 519, 522 (D.Md. 2009) (quotation marks omitted). Put differently, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

As alleged, the claims here are probate matters of the purest form. Wendell Johnson's estate is currently being probated in the Orphans' Court for Prince George's County. (ECF No. 1-3). Each of Plaintiff's claims amount to a demand for payment from the probated estate, and he relies upon provisions of Wendell Johnson's will to establish that entitlement. Of

course, in order to establish his right to payment, the court would necessarily need to interpret and confirm the validity of the will. That is in some sense "probating" the will. *See Black's Law Dictionary* (9th ed. 2009) (defining "probate" as "[t]he judicial procedure by which a testamentary document is established to be a valid will"); *see also Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 24 (1st Cir. 2010) ("[D]ivvying up an estate falls squarely within the probate exception."). Because Plaintiff goes further and asks that the court actually compel payment from the estate, his suit also contravenes the Supreme Court's admonition that federal courts may not "dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 312; *see also, e.g.*, *Kennedy v. Trs. of Testamentary Trust of Will of Kennedy*, 633 F.Supp.2d 77, 82 (S.D.N.Y. 2009), *aff'd*, No. 09-3043-cv, 2010 WL 4250155 (2d Cir. Oct. 28, 2010) (finding claim fell under probate exception where it sought inheritance from a will).

To be sure, some of the claims are styled as *in personam* claims against Stella Johnson. But "while claims that seek to invoke a federal court's *in personam* jurisdiction generally do not violate the probate exception, that does not permit a court to grant as relief the possession of specific property that is within the jurisdiction of a probate court." *Three Keys Ltd. v. SR Utility Holding Co.*, 540 F.3d 220, 230 n.10 (3d Cir. 2008);

*accord Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2$^d$ Cir. 2007) (affirming dismissal of claims styled as personal claims against executor and law firm, where claims sought "disgorgement of funds that remain[ed] under the control of the Probate Court"). The "*in personam*" claims here largely seek recovery of assets from the Estate, not against Stella Johnson personally. The sole exception is Plaintiff's illusory claim for punitive damages, which is unsupported by any underlying claim for compensatory damages against Stella Johnson and therefore unrecoverable. There are no true *in personam* claims that provide jurisdiction.

These claims belong in Orphans' Court, which has the power to "conduct judicial probate, direct the conduct of a personal representative, and pass orders which may be required in the course of the administration of an estate of a decedent." Md. Code, Est. & Trusts § 2-102. Reserving such matters to the state courts "generally promotes legal certainty, judicial economy, and resolution by a court expert in those matters." *Turja v. Turja*, 118 F.3d 1006, 1010 (4th Cir. 1997). Consequently, this case will be dismissed. A separate order will follow.

                                           /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge